**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PLANET HOME LENDING, LLC,<br>*Plaintiff*<br><br>v.<br><br>JUVENTINA LOPEZ; OMAR VILLA; UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT (HUD);<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. SA-25-CA-01511-XR |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On this date, the Court considered Plaintiff Planet Home Lending, LLC's Motion for Default Judgment (ECF No. 21). Defendants Juventina Lopez and Omar Villa (collectively "Defendants") have not filed a response, and their time to do so has expired. After careful consideration, the Motion is **GRANTED.**

**BACKGROUND**

On January 19, 2023, Defendants Lopez and Villa executed a promissory note (the "Note") in the amount of $205,214.00 plus interest and a deed of trust (the "Deed of Trust") in favor of Guaranteed Rate, Inc. ECF No. 1 at 2; ECF No. 1-1 at 2, 9. Defendants pledged the real property at 7459 Saddlewood Street, San Antonio, TX 78238 (the "Property") as collateral for the repayment of the Note. ECF No. 1-1 at 11. Guaranteed Rate later assigned the Deed of Trust to Plaintiff. ECF No. 1 at 2; ECF No. 1-1 at 34.

Defendants defaulted on the loan. ECF No. 1 at 2–3. On May 2, 2024, Plaintiff sent Defendants notices of the default and of Plaintiff's intent to accelerate the loan. ECF No. 1-1 at 36. In November 2024, Plaintiff and Defendants executed a Loan Modification Agreement that

amended and supplemented the Deed of Trust and Note. *Id.* at 26. On August 4, 2025, after the Defendants defaulted on the loan a second time, Plaintiff sent Defendants another set of notices of default and of intent to accelerate. ECF No. 21-1 at 27.

Plaintiff asserts that the total balance owing on the Note and secured by the Deed of Trust was $189,604.51 as of April 8, 2026, which continues to accrue interest at the rate of 7.25% per annum. ECF No. 21 at 3; ECF No. 21-1 at 30. This sum includes the unpaid principal balance, interest in the amount of $12,188.19, as well as other charges owed under the agreement. ECF No. 21-1 at 30.

Seeking foreclosure, Plaintiff initiated this action on November 18, 2025, against Defendants and the United States of America, which holds a subordinate lien on the property. ECF No. 1 at 3–4; ECF No. 1-1 at 40. Plaintiff served Defendants Lopez and Villa on January 9, 2026, and December 13, 2025, respectively. ECF No. 6; ECF No. 7. Plaintiff served Defendant United States of America on December 10, 2025. ECF No. 8.

On the United States and Plaintiff's joint motion, the Court issued a Consent Order stating that the United States did not oppose a judgment in Plaintiff's favor and that Plaintiff will not receive attorney fees or monetary damages from the United States. ECF No. 16.

Defendants have not responded to Plaintiff's complaint. Accordingly, Plaintiff moved for entry of default, ECF Nos. 18–19, which the Clerk granted on April 14, 2026. ECF No. 20. Plaintiff now moves for default judgment. ECF No. 21. It brings a claim for breach of contract and seeks judicial foreclosure. ECF No. 1 at 2–4; ECF No. 21 at 1, 3.

## DISCUSSION

### I. Legal Standard

Pursuant to Rule 55(a), default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### II. Analysis

In assessing Plaintiff's motion, the Court considers (1) whether it has jurisdiction, (2) whether Plaintiff has stated a claim for relief, and (3) whether default judgment is warranted.

#### A. This Court Has Jurisdiction

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

##### 1. Subject Matter Jurisdiction Exists

Plaintiff named the United States as a defendant. ECF No. 1 at 2. "[T]he United States may be named a party in any civil action or suit in any district court . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). The United States, through the Department of Housing and Urban Development, holds a subordinate lien on the property at issue here. ECF No. 1 at 3–4; ECF No. 1-1 at 40. The Court exercises supplemental jurisdiction over Plaintiff's claims against the

remaining Defendants, which relate to the same property and form "part of the same case or controversy." 28 U.S.C. § 1367.

**2. Personal Jurisdiction Exists**

This Court also has personal jurisdiction over the parties, as Plaintiff has properly served Defendants Lopez and Villa. "[S]ervice of process . . . initiates a defendant's obligations in a civil suit[.]" *Jefferson v. Delgado Cmty. Coll. Charity Sch. of Nursing*, 602 F. App'x 595, 598 (5th Cir. 2015) (per curiam). Absent proper service of process, a court lacks personal jurisdiction over a defendant, and any default judgment against the defendant would be void. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). The plaintiff bears the burden of ensuring that the defendant is properly served with a copy of the summons and the complaint within ninety days of filing the complaint. *See* FED. R. CIV. P. 4(c)(1), (m). "The general rule is that a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (cleaned up).

**a. Lopez Was Properly Served**

First, Plaintiff adequately served Lopez.

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by . . . leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

FED. R. CIV. P. 4(e)(2)(B).

Defendants Lopez and Villa live at the same address, at 7459 Saddlewood Street, San Antonio, TX 78238. On January 9, 2026, a process server served Lopez at that address, but not directly. Rather, the process server effectuated service on Lopez by delivering the summons and

complaint to Villa, who was "someone of suitable age and discretion" who "resides" at Lopez's "dwelling or usual place of abode" in this district. ECF No. 6. This Court thus has personal jurisdiction over Lopez.

**b. Villa Was Properly Served**

Second, Plaintiff adequately served Villa. An individual "may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A). On December 13, 2025, Plaintiff delivered a copy of the summons and the complaint to Villa at his usual place of abode at 7459 Saddlewood Street, San Antonio, TX 78238. ECF No. 7. So the Court has personal jurisdiction over Villa.

**B. Plaintiff States a Claim for Relief**

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)), *abrogated on other grounds by Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155 (2026). Although the Court must accept the plaintiff's well-pleaded facts as true, a defendant's default does not warrant the entry of default judgment before the Court finds a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."); *see also* 10A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2688 (3d ed. 2002) ("Even after default, . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). So before granting default judgment, "the district court must ensure that the well-pleaded allegations

in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "[T]he Fifth Circuit has looked to the Rule 8 case law for guidance" in this analysis. *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015). Here, Plaintiff asserts a breach-of-contract claim and seeks judicial foreclosure.

**1. Breach of Contract Elements Are Satisfied**

Plaintiff alleges that Defendants breached a contract by defaulting on the loan. ECF No. 1 at 2. "Under Texas law, the elements of a breach of contract claim are (1) a valid contract, (2) performance, (3) breach, and (4) damages resulting from the breach." *Providence Title Co. v. Fleming*, No. 21-40578, 2023 WL 316138, at *2 (5th Cir. Jan. 19, 2023).

These elements are satisfied here. Defendants executed the loan via the Note and the Deed of Trust with Guaranteed Rate. ECF No. 1 at 2; ECF No. 1-1 at 2, 9. Defendants promised to pay $205,214.00 plus interest on the Note. ECF No. 1-1 at 2. Guaranteed Rate assigned its interest in the property to Plaintiff. ECF No. 1 at 2; ECF No. 1-1 at 34. Defendants breached the agreement by defaulting on their debt, causing Plaintiff damages. ECF No. 1 at 2–4. The debt remains unpaid.

**2. Judicial Foreclosure Elements Are Satisfied**

Plaintiff seeks a judgment allowing it to foreclose on the lien. ECF No. 1 at 4. Under Texas law, a mortgagee may either sell property by nonjudicial foreclosure pursuant to express powers granted in a deed of trust or bring a judicial-foreclosure action. *See* TEX. PROP. CODE § 51.002(a) (describing procedures for nonjudicial foreclosure under power of sale conferred by deed of trust); TEX. CIV. PRAC. & REM. CODE § 16.035(a)–(b). While "the rightto [sic] pursue nonjudicial foreclosure arises from the parties' contract, judicial foreclosure is a judicial remedy independent

of that contract." *In re Erickson*, No. 09-11933, 2012 WL 4434740, at *6 (W.D. Tex. Sept. 24, 2012), *aff'd*, 566 F. App'x 281 (5th Cir. 2014); *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 248 (5th Cir. 2020) ("[J]udicial foreclosure is its own cause of action under Texas law.").

"The court may order judicial foreclosure upon proof 'establishing the debt and fixing the lien.'" *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (quoting *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ)). To recover, a movant must prove a financial obligation and the lien securing it, a default on the loan, and that the property subject to foreclosure is the same property subject to the lien. *Id.* (citing *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.)); *see* TEX. R. CIV. P. 309.

Plaintiff has adequately alleged the elements for judicial foreclosure. Defendants signed a promissory note in the amount of $205,214.00, secured by a mortgage on the property that is now subject to foreclosure. ECF No. 1-1 at 2, 9. By failing to respond to Plaintiff's complaint, Defendants admitted that the loan is in default and that, as of April 8, 2026, they owed a total of $189,604.51, reflecting the unpaid principal balance and including interest, late fees, and other costs. ECF No. 21-1 at 30.

## III. Default Judgment is Warranted

"A party is not entitled to a default judgment as a matter of right, even where the [d]efendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In deciding whether to exercise its discretion to enter default judgment, the Court considers:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether

> the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The first *Lindsey* factor favors default judgment here. As outlined above, Plaintiff's allegations state a claim upon which relief can be granted. Defendants have filed no responsive pleadings and are deemed to have admitted the facts alleged in the complaint. Thus, there are no material issues in dispute. *Lindsey*, 161 F.3d at 893.

Second, Defendants' failure to answer effectively prejudices Plaintiff because it brings the legal process to a halt. *Id.*

Third, the grounds for default are "clearly established" since, throughout this case, Defendants have not responded to the complaint or Plaintiff's motion. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) ("Default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment." (cleaned up)).

Fourth, there is no evidence before the Court suggesting that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Defendants Lopez and Villa have had about seven and eight months, respectively, to respond to Plaintiff's complaint or otherwise appear in this matter since being served. *See* ECF No. 6; ECF No. 7. Any purported harshness of a default judgment is mitigated by Defendants' inaction for this time. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018).

Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendants. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds that it is appropriate to exercise its discretion to grant default judgment in this matter.

**CONCLUSION**

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 21) is **GRANTED**.

It is **FURTHER ORDERED** that within **seven (7) days** after the sale of the Property, Plaintiff shall file an advisory to the Court specifying: (1) the price the Property sold for (i.e., the amount to be deposited into the Court's registry); (2) the sums that should be disbursed to Plaintiff and to the United States, with an explanation of those figures; and (3) the names and addresses of the entities or individual to whom those disbursements should be made.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 8th day of September, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE